James F. Evers   HI State Bar No. 5304
State of Hawaii
Office of Consumer Protection
235 S. Beretania Street, Room 801
Honolulu, Hawaii 96813
Phone: (808) 586-5980
E-Mail: jevers@dcca.hawaii.gov

Attorney for STATE OF HAWAII
OFFICE OF CONSUMER PROTECTION

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>ANABEL GASMEN CABEBE,<br><br>Debtor.<br><br>STATE OF HAWAII, by its OFFICE OF CONSUMER PROTECTION,<br><br>Plaintiff,<br><br>v.<br><br>ANABEL GASMEN CABEBE,<br><br>Defendant. | Case No. 15-01446<br>Chapter 7<br><br><br><br><br><br>Adv. Pro. No. 16-90011 |

MEMORANDUM IN OPPOSITION TO
DEBTOR'S MOTION TO STAY EXECUTION

Plaintiff State of Hawaii by its Office of Consumer Protection ("OCP") hereby submits its memorandum in opposition to the Debtor's Motion to Stay Execution (the "Motion") (Dkt # 27).

While the Motion, as titled, seems to pertain to the adversary case, OCP construes the substance of the Motion to pertain to the main case. The Debtor is seemingly intending to prevent the Trustee from administering the Debtor's two real properties as assets of the bankruptcy estate, even though the Motion requests that OCP be ordered to "cease and desist any and all dealings with the properties in question." OCP has had no dealings with the properties, aside from attempting to void the bogus liens recorded against them, which is in the best interests of all concerned. It appears the desired relief is more appropriately sought in the main case where the Trustee is a party. In any event, the Debtor is not be entitled to the requested relief in either the adversary or the main case.

As the basis for relief, the Debtor cites to the alleged misconduct of her original lenders who took mortgages on her real properties, claiming "discrepancies in the service of process, and breach of contract." The Debtor would like the Court to find that because she "did not willingly surrender her rights" to her properties, she "still currently holds the deed and title" to her properties. This has nothing to do with OCP, and is no basis to "stay the execution" by OCP.

Even though it is unclear who is targeted by the stay and what conduct would be allowed or precluded, the Motion indicates that the requested stay would last until "all the evidence" is considered, but it is altogether unclear what the evidence is, why it could not have been presented earlier, why it is not presented now, when it will be presented, and how it will change anything. From what little was said about the Debtor's claims, it appears the "new" evidence pertains to the Debtor's lenders. That may be a defense to the lenders' claims, but it has no bearing on the Debtor's other creditors, who would benefit from the prompt liquidation of the Debtor's real properties.

By virtue of Ms. Cabebe voluntarily filing for bankruptcy protection and the subsequent conversion of her case to Chapter 7, her two real properties are part of the bankruptcy estate being administered by the Chapter 7 Trustee. The real property at 1604 Democrat Street has since been sold with Court approval, pursuant to 11 U.S.C. § 363, to a good faith purchaser within the meaning of 11 U.S.C. § 363(m). Dkt #134 in main case, #15-01446. The sale has since closed and title has transferred. See Exhibit A. Accordingly, the request for relief as to this property is moot. See, e.g., Onouli–Kona Land Co. v. Estate of Richards (In re Onouli–Kona Land Co.), 846 F.2d 1170, 1172 (9th Cir.1988); In re Roberts Farms, Inc., 652 F.2d 793, 798 (9th Cir.1981); Valley National Bank of Arizona v. Trustee, 609 F.2d 1274 (9th Cir. 1979). See also Ewell v. Diebert (In re Ewell), 958 F.2d 276 (9th Cir.1992)

3

(appeal held moot because transfer of property had already occurred as of time appellant sought stay pending appeal); Mann v. Alexander Dawson, Inc. (In re Mann), 907 F.2d 923, 925 (9th Cir.1990) (appeal of order lifting automatic stay held moot for failure to seek stay pending appeal, as secured creditor purchased property; Kaonohi Ohana, Ltd. v. Sutherland (In re Kaonohi Ohana, Ltd.), 873 F.2d 1302, 1306 (9th Cir.1989) (appeal held moot in absence of stay pending appeal, where debtor completed sale to third party prior to disposition of appeal); BC Brickyard Assocs., Ltd. v. Ernst Home Ctr., Inc. (In re Ernst Home Ctr., Inc.), 221 B.R. 243, 247 (9th Cir. BAP 1998) (transfer of real property after denial of motion for a stay pending appeal).

Protecting the sale of the Democrat Street property is consistent with principles of finality. While the Court, as a court of equity, would generally have broad discretion to reconsider its rulings, that is not the case where intervening rights have vested in third parties acting in reliance on the order. Meyer v. Lenox (In re Lenox), 902 F.2d 737, 739–40 (9th Cir.1990), citing Chinichian v. Campolongo (In re Chinichian), 784 F.2d 1440, 1443 (9th Cir.1986); Taylor v. Lake (In re CADA Invs., Inc.), 664 F.2d 1158, 1161 (9th Cir.1981). The Court could not revisit the sale at this late date without interfering with the rights of the good faith purchaser of the property. With respect to the second of the two properties, the Trustee has hired a realtor to sell the property, and there remains pending a motion for relief from stay

4

to allow a pending state foreclosure action to proceed. A commissioner has already been appointed, and has been authorized to conduct a sale without open houses. The automatic stay is all that is preventing the property from being sold for the benefit of the mortgagees. As there may be equity in the property, the property should be sold by the Trustee, so any proceeds can remain under the control of the Bankruptcy Court and any excess proceeds can be shared by all of the Debtor's creditors.

As the desired stay seems more appropriately aimed at the Chapter 7 Trustee, the Motion really should have been filed in the main case. In any event, by asking for a stay, an equitable remedy, the Debtor runs afoul of the long-standing legal maxim that one who seeks equity must also do equity. See, e.g, In re Pace, 288 B.R. 788, 792 (Bankr.S.D.Ohio 2003). See also In re Gardenhire, 209 F.3d 1145, 1151 n.11 (9th Cir. 2000) (recognizing "the time-honored maxim" in justification of its ruling); 27A Am. Jur. 2d Equity § 94 (Sept. 2016 update) ("It is a fundamental principle that one who seeks equity must do equity."). The Debtor is not deserving of such a remedy. She has not paid her mortgagees for many years, thereby seriously eroding the equity cushion she had in her property, to the detriment of her creditors, most of whom are consumers defrauded by the bogus mortgage reduction scheme operated by the Debtor and others. Under the scheme, consumers paid in advance for promised mortgage reductions, relying in part on the guaranteed full refund of their money if the reductions were not obtained. No mortgages were ever reduced,

5

and no consumers ever received refunds.  The liquidation of the Debtor's properties will help enable the Trustee to make at least a partial repayment to the defrauded consumers.  It would be inequitable to delay such a result by the entry of a stay.

For these reasons, the Motion should be denied.

DATED:  Honolulu, Hawaii, October 20, 2016.

/s/ James F. Evers
JAMES F. EVERS
Attorney for State of Hawaii
Office of Consumer Protection